UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


EUGENE A. LEJEUNE, ET AL.

VERSUS

CONTESTOGA-ROVERS & ASSOCIATES,
ET AL.

CIVIL ACTION

NUMBER 15-396-BAJ-SCR


**NOTICE**

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

    In accordance with 28 U.S.C. §636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Baton Rouge, Louisiana, July 31, 2015.

                                      STEPHEN C. RIEDLINGER
                                      UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

EUGENE A. LEJEUNE, ET AL.

VERSUS

CONTESTOGA-ROVERS & ASSOCIATES,
ET AL.

CIVIL ACTION

NUMBER 15-396-BAJ-SCR

### **MAGISTRATE JUDGE'S REPORT**

Before the court is a Motion to Remand filed by plaintiffs Eugene A. Lejeune and Tara Lejeune. Record document number 10. The motion is opposed.[1]

For the reasons which follow, the Motion to Remand should be denied.

### **Background**

Plaintiffs filed a Petition for Damages in state court naming as defendants Conestoga-Rovers & Associates, Inc. ("CRA"), Jose Luis Gomez-Alanis, Miguel Agurirre, Action Resources, Inc., and Regions Insurance, Inc. Plaintiffs sought to recover damages allegedly resulting from a spill of hazardous material which contaminated the their property. Defendant Action Resources removed the case to this court asserting subject matter jurisdiction under 28 U.S.C. § 1332, diversity of citizenship.[2]

---

[1] Record document numbers 12 and 13.

[2] Record document number 1, Notice of Removal, ¶ 9-14. Defendant alleged diversity citizenship as follows: (1) plaintiffs
(continued...)

Defendant also alleged that the requisite amount in controversy was demonstrated by the allegations in the petition.[3]  Defendants Agurirre, Gomez-Alanis, Regions Insurance, and CRA consented in the removal.[4]

Plaintiffs moved to remand, arguing that defendant CRA should be deemed a Louisiana citizen because it has a principal place of business in Baton Rouge, Louisiana.  Plaintiffs also argued that the Notice of Removal was deficient for lack of proper consent of all the defendants.  Plaintiffs also sought recovery of fees and costs associated with filing her motion.

**Applicable Law**

When jurisdiction is based on diversity of citizenship, the action is not removable "if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."  28 U.S.C. § 1441(b).

Under 28 U.S.C. § 1332(c)(1), a corporation is a citizen of

---

[2](...continued)
are citizen of Louisiana; (2) Action is a foreign corporation domiciled in and having its principal place of business in Alabama; (3) CRA is incorporated in Delaware with its principal place of business in New York; (4) Regions is incorporated in Arkansas with its principal place of business in Alabama; and, (5) both Aguirre and Gomez-Alansis are citizens of Texas.

[3] Record document number 1, ¶ 17-19.

[4] See, respectively: record document number 1-6, Exhibit F, Affidavit of Miguel Aguirre; record document number 1-7, Exhibit G, Affidavit of Jose Luis Gomez-Alanis; record document number 2; and record document number 4.

the state where its principal place of business is located and all states where it is incorporated. The United States Supreme Court has defined the term "principal place of business" as "the place where a corporation's officers direct, control, and coordinate the corporation's activities," also known as the company's "nerve center." *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93, 130 S.Ct. 1181 (2010). The Supreme Court further clarified that the "nerve center" should be the place "where the corporation maintains its headquarters—provided that the headquarters is the actual center of direction, control, and coordination,[] and not simply an office where the corporation holds its board meetings." *Id*. at 93.

**Analysis**

Based on a review of the allegations in the petition and the evidence in light of the applicable law, the defendants have demonstrated that CRA is not a citizen of Louisiana for purposes of diversity jurisdiction. The Louisiana Secretary of State's records show that CRA was incorporated in Delaware and its principal business office is in New York. Defendants provided substantive evidence to show that CRA's nerve center, including its corporate headquarters, executive offices, and senior management, are located in either Waterloo, Ontario, Canada and/or Niagra Falls, New York.[5] Defendants also explained that CRA merged with GHD Services, Inc.

---

[5] Record document 12-2, Exhibit B, Affidavit of Derek Douglas McBean.

in July 2014. Defendants established that GHD was incorporated in Delaware and its corporate headquarters, executive offices, senior management, and senior human resources are also located in either Waterloo, Ontario, Canada and/or Niagra Falls, New York.[6] Thus, the defendants have shown that CRA's principal place of business, under the nerve center test, is in either Canada and/or New York - and clearly not in Louisiana.

Plaintiffs failed to provide any evidence to show that CRA's "nerve center" is located in Louisiana. Plaintiffs' legal analysis concerning CRA's citizenship, based upon it having a "Principal Business Establishment in Louisiana" located in Baton Rouge,[7] is unsupported under the controlling Supreme Court standard. Also, the plaintiffs' procedural argument concerning lack of consent is completely unfounded, as shown by the consents to removal filed with the Notice of Removal (for defendants Aguirre and Gomez-Alanis), and the consents to removal filed next day (for Regions Insurance) and the day after that (for CRA).

Because there is complete diversity of citizenship between the plaintiffs and the defendants, the court has subject matter jurisdiction.

---

[6] *Id*.

[7] See, record document number 10-3, Exhibit C, record from the Louisiana Secretary of State, Commercial Division, also showing CRA's "Principal Business Office" as "Niagara Falls, NY."

4

**RECOMMENDATION**

It is the recommendation of the magistrate judge that the Motion to Remand filed by plaintiffs Eugene A. Lejeune and Tara Lejeune be denied.

Baton Rouge, Louisiana, July 31, 2015.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE