UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

EUGENE A. LEJEUNE, ET AL.                                      CIVIL ACTION

VERSUS

CONESTOGA-ROVERS &                                  NO.:15-00396-BAJ-EDW
ASSOCIATES, INC., ET AL.

ORDER

Before the Court is an **Assent Motion to Substitute Parties (Doc. 19)**, filed by Plaintiffs Eugene A. Lejeune and Tara Lejeune. Plaintiffs seek to substitute current Defendant Regions Insurance, Inc. ("Regions"), for AIG Specialty Insurance Company ("AIG"). Federal Rule of Civil Procedure ("Rule") 25 explicitly delineates the limited circumstances under which a court may permit the substitution of parties.[1] However, the subject motion is devoid of any reasoning for the substitution, and does not reference Rule 25 or any other Federal Rule of Civil Procedure. From what the Court is able to discern from the record, Plaintiffs do not actually seek a party substitution pursuant to Rule 25, but seek to dismiss their claims against Regions under Rule 41(a), and add AIG as a defendant under Rule 15.

Irrespective of their intent, Plaintiffs do not request a motion to dismiss or a motion to amend. Additionally, the deadline to amend was December 15, 2015,[2] (Doc.

---

[1] Substitution of parties is only appropriate in four circumstances: (1) death; (2) incompetency; (3) transfer of interest; and (4) death or separation from office. Fed. R. Civ. P. 25.

[2] The Court notes that the Scheduling Order sets the amendment deadline as December 15, 2016, rather than December 15, 2015. This is clearly a typographical error in the Order, as it was the clear intent of the Court to merely adopt the proposed deadlines agreed to and proposed by the parties in

18), which expired before Plaintiffs filed the subject motion to substitute on December 29, 2015. After the amendment deadline, Plaintiffs will only be permitted to add parties with leave of court and good cause shown pursuant to Rule 16(b). *S&W Enterprises, L.L.C. v. SouthTrust Bank of Alabama, NA*, 315 F.3d 533, 536 (5th Cir. 2003) ("Rule 16(b) governs amendment of pleadings after a scheduling order deadline has expired.").

Furthermore, the Answer (Doc. 21) filed by AIG is improper as AIG is not a named defendant in this action. As such, the Court orders that AIG's Answer (Doc. 21) be stricken from the record.

Based on the foregoing,

**IT IS ORDERED** that Plaintiffs' **Assent Motion to Substitute Parties (Doc. 19)** is **DENIED.**

**IT IS FURTHER ORDERED** that AIG's **Answer (Doc. 21)** is **STRICKEN** from the record and that the Clerk of Court remove AIG from the Docket.

Baton Rouge, Louisiana, this 22nd day of February, 2016.

_____

**BRIAN A. JACKSON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

---

their Status Report (Doc. 17). In the Status Report, the parties agreed to an amendment deadline of December 15, 2015.